```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**WESLEY ROOSEVELT WILLIAMS,**

            **Plaintiff,**

                                      CIVIL ACTION
     vs.                                No. 05-3426-SAC

**(FNU) GAMBLE, et al.,**

            **Defendants.**


                                 **ORDER**

     This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. By an order entered on November 15, 2005 (Doc. 4), the court granted plaintiff thirty days to submit an initial partial filing fee. The facility where plaintiff is incarcerated, the Olathe Adult Detention Center, has notified the court that plaintiff's institutional account balance is -$29.71 (Doc. 5). Accordingly, the court will allow this matter to proceed without the payment of an initial partial filing fee.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the statutory filing fee of $ 250.00 in this action. The Finance Office of the facility where plaintiff is incarcerated will be directed by a copy of this order to

**Background**

Plaintiff names as defendants Dr. Gamble and Nurse Pam. He states that in 2004 he was transferred from the Johnson County Adult Detention Center (JCADC) to the Chase County Jail, in Cottonwood Falls, Kansas. While in that facility, plaintiff was given a medication prescribed by Dr. Gamble. Plaintiff states that upon taking the medication, he suffered a heart attack. He was transferred to a health care facility in Emporia, Kansas. Plaintiff later was transferred to the JCADC, and then was transferred to a correctional facility in Lyon County Kansas, where, he states, "the same thing happened and I went back to the same medical center." (Doc. 1, p. 3.) Plaintiff states that personnel at the medical center contacted Dr. Gamble and advised him not to prescribe the medication in question to the plaintiff.

Plaintiff seeks damages for the alleged negligence of Dr.

---

collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Gamble.  (Id., p. 4.)

## Discussion

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf".  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. 1915(e).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban on cruel and unusual punishment.  Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).

Deliberate indifference claims have both subjective and objective components. <u>Martinez v. Garden</u>, 430 F.3d 1302, 1304 (10th Cir. 2005). The objective component requires a deprivation that is "'sufficiently serious.'" <u>Id</u>. (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)). The subjective component requires a showing that a prison official "knows of and disregards an excessive risk to inmate health or safety." <u>Id</u>. (quotation omitted).

A mere difference of opinion concerning the appropriate course of medical treatment is not sufficient to establish a claim of constitutional violation. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976)("matter[s] of medical judgment" do not give rise to a § 1983 claim); <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980)(difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), <u>cert</u>. <u>denied</u>, 450 U.S. 1041 (1981). Likewise, neither negligence nor malpractice violates the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 106 (1976).

The court has carefully examined the record and concludes the plaintiff's allegations are insufficient to state a claim of cruel and unusual punishment. The record suggests, at

4

most, that plaintiff was prescribed a medication which caused adverse effects on two occasions. While such allegations might state a claim for relief in a state court action under a theory of negligence or malpractice,[2] the allegations do not give rise to a constitutional claim actionable under a federal civil rights statute.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915 (b)(2) until plaintiff satisfies the full filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 16th day of February, 2006.

---

[2] The court offers no opinion on the merits of such an action.

                                                S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge